# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NAKIA RAZEY and        :
KARL RAZEY             :
                          :       Civil Action No.:
    Plaintiffs,         :
                          :       JURY TRIAL DEMANDED
    vs.                  :
                          :
SIX FLAGS ENTERTAINMENT  :
CORPORATION, SIX FLAGS    :
OVER GEORGIA II, L.P., and   :
SIX FLAGS OVER GEORGIA, LLC,:
                          :
    Defendants,        :

## CIVIL ACTION – COMPLAINT

1.     This is a personal injury action brought by Plaintiffs against Defendants.

2.     Plaintiffs, Nakia Razey and Karl Razey, are adult individuals and wife and husband residing at 4912 Coal Creek Drive, Graniteville, SC 29829.

3.     Defendant Six Flags Entertainment Corporation is a Corporation organized and existing under the laws of the State of Delaware with a principal place of business at 924 Avenue J East, Grand Prarie, Texas 75050.

4.     At the time of the occurrence of the injury described herein Defendant Six Flags Entertainment Corporation owned, operated, managed, inspected and/or controlled Six Flags Over Georgia Hurricane Harbor Water Park located at 275 Riverside Pkwy, Austell, GA 30168.

Defendant Six Flags Entertainment Corporation may be served through its registered agent for service of process in the State of Delaware:  Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware  19808.

5.     Defendant Six Flags Over Georgia II, L.P. is a foreign limited partnership organized and existing under the laws of the State of Delaware, with a principal place of business at 275 Riverside Parkway, Austell, Georgia  30168.

6.      Defendant Six Flags Over Georgia II, L.P. may be served through its registered agent for service of process:  Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

7.     At the time of the occurrence of the injury described herein Defendant Six Flags Over Georgia II, L.P. owned, operated, managed, inspected and/or controlled Six Flags Over Georgia Hurricane Harbor Water Park located at 275 Riverside Pkwy, Austell, GA 30168,

2

8.      Defendant, Six Flags Over Georgia L.L.C. is a domestic limited liability company organized and existing under the laws of the State of Georgia.

9.      Defendant Six Flags Over Georgia L.L.C. may be served through its registered agent for service of process:  NRAI, 1201 Peachtree Street, N.E., Atlanta, Georgia  30361.

10.     At the time of the occurrence of the injury described herein Defendant Six Flags Over Georgia L.L.C. owned, operated, managed, inspected and/or controlled Six Flags Over Georgia Hurricane Harbor Water Park located at 275 Riverside Pkwy, Austell, GA 30168.

11.     Each Defendant named herein is subject to the personal jurisdiction of this Court.

12.     Venue is proper in this Court.

## STATEMENT OF JURISDICTION AND VENUE

13.     The parties in this matter are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

14.     Venue is proper in the Northern District of Georgia because the occurrence, in which Plaintiff was injured, giving rise to this case occurred

in Austell, Cobb County Georgia, which is located in the Northern District of Georgia.

15.    Jurisdiction is proper in this case pursuant to 28 U.S.C Section 1332, because a diversity of citizenship exists between the parties and the amount in controversy exceeds the statutory minimums.

## FACTS

16.    All preceding paragraphs are incorporated herein by reference as though fully set forth below.

17.    At all material times, Defendants owned, operated, managed, inspected and/or controlled "The Bonzai Pipeline" amusement ride and attraction at the Six Flags Over Georgia Hurricane Harbor Water Park.

18.    At all material times, Defendants acted by and through their duly authorized agents, servants, workmen, contractors and/or employees, acting within the scope of their authority and employment and in the course of Defendants' business.

19.    On July 13, 2015, Plaintiff, Nakia Razey, was a patron and invitee visiting Defendants' Six Flags Over Georgia Hurricane Harbor Water Park with members of her family.

20.    Prior to July 13, 2015, Nakia Razey was in excellent health.

21.     On or about July 13, 2015, Plaintiff presented herself at the designated point of entry to a water slide ride and attraction named the "Bonzai Pipeline" at Defendant's park.

22.     The "Bonzai Pipeline" is a ride and attraction that hurls riders on a raft down a slide with a four-story drop and multiple rapid turns before dropping them into a corkscrew chute down to the splash pool.

23.     On July 13, 2015, Nakia Razey ascended the designated stairway needed to ride the "Bonzai Pipeline."

24.     Nakia Razey trusted Defendants and their respective employees and agents to follow all safety precautions and provide all necessary and appropriate warnings and instructions to her regarding the ride.

25.     Defendants knew of the dangers associated with overloading rafts on the "Bonzai Pipeline" including the dangers of causing serious injury to patrons if the raft weight limit is exceeded.

26.     On July 13, 2015, the Defendants' ride attendant loaded the Plaintiff on a raft with another park guest significantly exceeding the raft weight limit.

27.     After Plaintiff was positioned on the raft in the launch pool with another guest, the Defendants' ride attendant pushed the overloaded raft to enter the beginning of the descending water slide.

28.     As a result of being overloaded, the raft violently struck the interior of the pipeline and slide causing the Plaintiff to suffer serious injury and pain.

29.     Nakia Razey was transported by ambulance from the Six Flags Over Georgia Hurricane Harbor Water Park to Wellstar Cobb Hospital.

30.     Plaintiff has continued to receive medical and surgical care but unfortunately she continues to suffer life altering pain and limitations and is expected to continue to suffer pain and limitations for the foreseeable future.

## COUNT I: NEGLIGENCE

31.     All preceding paragraphs are incorporated herein by reference as though fully set forth below.

32.     On July 13, 2015, the Defendants owed Plaintiff Nakia Razey certain duties, including without limitation the duty to:

(a)     Operate the "Bonzai Pipeline" in a reasonably safe manner;

(b)     Train its employees and ride attendants on the proper operation and limitations of the "Bonzai Pipeline";

(c)     Supervise employees and ride attendants to ensure that they adhered to safe and proper practices in the operation of the "Bonzai Pipeline";

(d)     Take all reasonable a proper steps to protect the safety of riders of the "Bonzai Pipeline";

(e)     Take reasonable steps to ensure that rafts were properly loaded, and not overloaded; and

(f)     Properly warn patrons and visitors about the dangers of riding the "Bonzai Pipeline,"

33.     Defendants were negligent in that it breached the above duties of case.

34.     Defendants were also negligent in that it:

(a)     failed to properly balance the occupants and provide for appropriate weight distribution for Plaintiff;

(b)     failed to operate the subject "Bonzai Pipeline" water park ride with due regard for the rights, safety, and position of riders, including Plaintiff;

(c)     failed to operate the subject "Bonzai Pipeline" water park ride in a safe and proper manner;

(d)     failed to instruct Plaintiff as to how to safely board and position herself on the subject "Bonzai Pipeline" water park ride;

(e)     failed to use reasonable care to employ reasonable and skilled employees and ride attendants to perform their duties and provide for reasonable care toward the Plaintiff;

(f)     unreasonably exposed Plaintiff to a dangerous condition which it knew or should have known;

(g)     failed to correct, remedy, repair and/or eliminate a dangerous condition upon its "Bonzai Pipeline" water park ride;

(h)   failed to use reasonable care to take such precautions as were reasonable and necessary to maintain proper raft weight limits to avoid a raft flipping over on an acute turn; and

(i)   failed to properly warn the Plaintiff of the raft weight limits before embarking on the "Bonzai Pipeline" water park ride;

(j)   unreasonably loaded the Plaintiff onto a two-person raft with a park guest weighing in excess of the raft weight limit of 250 pounds;

(l)   failed to properly train its employees and ride attendants operating the "Bonsai Pipeline" about the need to avoid overloading the ride's rafts;

(m)   unreasonably exposed Plaintiff to injury by pushing overloaded rafts from the launch pool into the entrance of the descending water slide; and

(n)   unreasonably exposed Plaintiff to injury by failing to follow its own rules regulations and standards for the safe operation of the "Bonsai Pipeline".

35.   As a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants and/or employees, the Plaintiff suffered serious injuries requiring medical and surgical intervention.

36.   As a result of the negligence, carelessness, and recklessness of the Defendants, their agents, servants, and/or employees, the Plaintiff has endured severe physical pain and mental anguish and suffering and she will

continue to endure the same for an indefinite time in the future to his great detriment and loss.

37.    As a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants, and/or employees, the Plaintiff was unable and has been unable to attend to her usual daily duties and affairs and will be unable to attend to them in the future to her great detriment and loss.

38.    As a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants, and/or employees Plaintiff has suffered Plaintiff has been required to expend various sums of money for medical attention and medical apparatus in an effort to cure herself of the injuries which she has sustained and will be required to pay for future medical expenses for an indefinite time in the future to her great detriment and loss.

39.    As a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants, and/or employees Plaintiff has suffered a permanent diminution of her ability to enjoy life and life's pleasures.

40.    As a result of the negligence, carelessness and recklessness of the Defendants, their agents, servants, and/or employees Plaintiff has suffered a permanent loss of her earning power and earning capacity.

41.     Defendants are liable to Plaintiff for all of the above damages, which were proximately caused by the negligence of the Defendants.

## COUNT II
## LOSS OF CONSORTIUM

42.     All preceding paragraphs are incorporated herein by reference as though fully set forth below.

43.     At all times material to this case, Plaintiff Karl Razey was and is the husband of Plaintiff, Nakia Razey.

44.     As a result of the injuries suffered by Nakia Razey as aforesaid, Plaintiff, Karl Razey, has and will in the future suffer the loss of usual services and consortium of Nakia Razey, and has been required to provide special services and care to Nakia Razey.

**WHEREFORE**, Plaintiffs pray that:

(a)     Service of process be had in this case in accordance with law;

(b)     A jury be empaneled and a trial be had to address the issues presented herein;

(c)     Judgment be entered for Plaintiff Nakia Razey in an amount sufficient and appropriate to compensate her fully for all compensatory, special and general damages that she has and

will incur as a proximate result of the negligence of the Defendants;

(d)   Judgment be entered for Plaintiff Karl Razey in an amount sufficient and appropriate to fully compensate him for the loss of consortium damages he sustained as a proximate result of the negligence of the Defendants;

(e)   The Court order such other relief as it deems proper and appropriate in this case.

Dated:  July 13, 2016.

FRIED ROGERS GOLDBERG LLC

*/s/ Joseph A. Fried*
JOSEPH A. FRIED
GEORGIA STATE BAR NUMBER 277251
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918

*ATTORNEYS FOR PLAINTIFFS*

TWO ALLIANCE CENTER
3560 LENOX ROAD, N.E.
SUITE 1250
ATLANTA, GEORGIA 30326
TELEPHONE: 404-591-1800
FACSIMILE:  404-591-1801
E-MAIL:      joe@frg-law.com
             sean@frg-law.com